10-4167-cv
Levy v. Cohen

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of September, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> PETER W. HALL,
> > *Circuit Judges,*
> LORETTA A. PRESKA,[*]
> > *District Judge.*

_____

Edward Levy, D.D.S.,

> *Plaintiff-Appellant,*
> > v.                                                        No. 10-4167-cv

Saul B. Cohen, as Chairman of the Board of Regents of the State of New York, Eric T. Schneiderman, as Attorney General of the State of New York,

> *Defendants-Appellees.*

_____

| | |
|---|---|
| For Appellant: | EDWARD LEVY, *pro se*, Forest Hills, NY. |
| For Appellees: | SUDARSANA SRINIVASAN, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY. |

_____

[*]Chief Judge Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Edward Levy appeals *pro se* from the district court's judgment granting the Defendants-Appellees' motion to dismiss his 42 U.S.C. § 1983 complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). We review the dismissal of a complaint under either subsection of Rule 12 *de novo*, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Levy alleges that the Defendants-Appellees violated his civil rights under § 1983 through various actions related to the revocation of his license to practice dentistry in 2007. In his appellate brief, he argues, *inter alia*, that the pre-deprivation proceeding conducted by the New York State Board of Regents, which is entrusted with the statutory authority to revoke a dentist's license under certain circumstances, *see* New York State Education Law § 6510, was inadequate for a number of alleged reasons, including that it arose out of a conspiracy to cover-up the conversion of Medicaid payments he was owed for his work as a dentist and subsequent payment of those funds into then-Attorney General Eliot Spitzer's gubernatorial campaign fund. Levy also argues that he was not required to exhaust his remedies available under state law before he was able to bring a civil rights claim for violation of his due process rights. In this regard, Levy misses the point. The pre-deprivation proceedings available to him—which included notice and

2

an administrative hearing at which Levy was represented by an attorney, presented evidence, and called witnesses—combined with the availability of an adequate post-deprivation remedy through New York's Article 78 proceeding, constituted sufficient process to satisfy the Due Process Clause of the Fourteenth Amendment. *See Harris v. Mills*, 572 F.3d 66, 76 (2d Cir. 2009) (denial by state agency of physician's petition to reinstate his revoked medical license did not deprive physician of due process, where physician was given adequate notice and opportunity to be heard before his petition for reinstatement was denied, and an adequate post-deprivation remedy was available through Article 78 proceedings); *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 466 (2d Cir. 2006) (holding that pre-deprivation process was constitutionally adequate where the plaintiff received notice and was represented at a pre-deprivation hearing by an attorney).

In addition, the district court properly dismissed Levy's damages claims against the New York State Attorney General's Office, because, contrary to Levy's contention on appeal, the Eleventh Amendment provides a state and its agencies with immunity from claims for damages in federal court where, as here, the State has not given consent to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984).

We have reviewed Levy's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3